## Commonwealth v. Brown

*Bruce A. Irvine,* Assistant District Attorney, for Commonwealth.

*Arnold E. Rubin,* for defendant.

BLOOM, J., June 28, 1972.—Defendant, William Wayne Brown, was convicted by a jury for possession of narcotics and dangerous drugs. Thereafter, defense counsel filed a motion for new trial and a motion in arrest of judgment asserting that:

1. The verdict was against the law.

2. The verdict was against the evidence and the weight of the evidence.

3. Defendant should have been placed on the pre-indictment probation program of Delaware County (hereinafter referred to as P.I.P.P.) and the failure to so place defendant in P.I.P.P. constituted arbitrary and discriminatory State action in violation of defendant's rights under the equal protection clause of the Fourteenth Amendment to the United States Constitution and the Constitution of the Commonwealth.

This opinion is written in disposition of defendant's motions.

On October 22, 1971, defendant was called into the office of the assistant principal of Penncrest High School where defendant was enrolled as a student. The principal advised defendant that he knew that defendant had in his possession a bag containing certain drugs and narcotics. Defendant at first refused to divulge or admit that he had these items; but after further questioning, defendant emptied his pockets and turned over to the assistant principal 21 pills con-

taining LSD and six blocks of hashish. A conversation subsequently ensued wherein defendant was asked "why he would *sell* pills?" Defendant responded *"to make money."* Later that afternoon, defendant was formally arrested by Trooper Peter Crawford, of the Pennsylvania State Police, who was made aware of the foregoing events. At the time of trial, defendant did not testify in his own behalf and subsequently was convicted as previously noted.

Viewing the record in the light most favorable to the Commonwealth (Commonwealth v. Commander, 436 Pa. 532 (1970)), we conclude that the jury had a sufficient basis in law to find defendant guilty as charged. Therefore, we dismiss defendant's first two contentions.

With respect to the third contention, defendant claims that he was denied equal protection of the law since he was not admitted to the P.I.P. Program of Delaware County. The thrust of defendant's contention is that the district attorney's office of Delaware County had an unbridled discretion to pick and choose cases for P.I.P.P. and that the judge presiding over the P.I.P.P. hearing had unbridled discretion to approve or reject a candidate for the program. In order to view this issue in its proper perspective, the following facts are set forth.

After a preliminary hearing, counsel for defendant and assistant district attorney, John A. Reilly, Esq., corresponded and defendant was recommended as a candidate for the pre-indictment probation program (P.I.P.P.). A hearing was held on February 15, 1972, before Judge John V. Diggins with respect to the defendant's application for P.I.P.P. After defendant indicated his willingness to be placed in the program, the court invited comments from any persons who were interested in the case. At this point, Trooper Crawford voiced his objection to placing defendant

in the program because in light of certain evidence in his possession, Crawford believed defendant to be a seller of narcotics. Judge Diggins then ordered the case to be turned over to the grand jury for action and dismissed defendant's application for P.I.P.P.

On March 8, 1972, defendant was arraigned before Judge Edwin E. Lippincott, 2nd. At that time, defense counsel objected to defendant's indictment and requested that defendant be placed on P.I.P.P. since the indictment was only for *possession* of narcotics and dangerous drugs. Judge Lippincott refused defense counsel's request. Prior to commencement of trial, defense counsel again requested that defendant be placed on P.I.P.P. and again the request was refused by Judge Louis A. Bloom. Thereafter, defendant was convicted by a jury for possession of narcotics and dangerous drugs.

A review of the Delaware County P.I.P. Program indicates that such is not the case. In order to be considered for P.I.P.P. a candidate must not have had a prior record and the crime involved must be of a non-violent nature. In cases where a victim is involved, that person is given an opportunity to voice his opinion of defendant and the offense committed so that the the *hearing judge* has all the relevant facts before him to aid him in deciding whether the best interests of defendant and the community would be served in placing the defendant in the program.

It is interesting to note that on May 24, 1972, the Supreme Court of Pennsylvania adopted new Rules of Criminal Procedure Nos. 175 to 185, inclusive, which pertain to a program strikingly similar to P.I.P.P. In the comment to these rules, the Supreme Court states:

"The practice in Philadelphia County has been to include in the program primarily minor property crimes and *small scale narcotics offenses* and to exclude from the program all crimes of violence. Never-

theless, *no attempt has been made in these Rules to specify what cases or classes of cases should be eligible for inclusion in the program. It is believed that the district attorney should have discretion with respect to which crimes he wishes to prosecute, and the presence of the judge in the program, along with the defendant and his attorney, precludes any danger that such discretion may be abused."* (Italics supplied.)

In the matter before us, defendant was brought before Judge Diggins and a full and complete hearing was given to defendant's application for P.I.P.P. In the discretion of Judge Diggins, based upon fact, and not whim or caprice, defendant was not approved for the program because there was some indication that defendant was not a mere user but rather a seller of drugs.

In light of this fact, the case was turned over to the grand jury. It is of no consequence that the grand jury did not see fit to return an indictment for the sale of drugs, for that would be viewing Judge Diggins' decision with hindsight. The real issue is: Based upon the facts before the court at the time of the P.I.P.P. hearing, was defendant properly refused admission into the program? We answer this question in the affirmative for it is obvious that the law deals more severely with a dealer in drugs than a user for the latter is truly the victim of the seller's wares. Furthermore, the guilt or innocence of defendant is not affected by a refusal to admit him to the program. Therefore, we find the action of the court proper and in conformance with the law and thus, we enter the following:

## ORDER

And now, to wit, June 28, 1972, after consideration of argument and briefs submitted before this court en banc, it is hereby ordered and decreed that:

1. Defendant's motion for a new trial is denied.

2. Defendant's motion in arrest of judgment is denied.

3. Defendant is directed to appear for sentencing in Court Room No. 2, Courthouse, Media, Pa., on Friday, June 30, 1972, at 10 a.m.